**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000032**
**29-NOV-2011**
**08:35 AM**

NO. CAAP-10-0000032


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JACQUELINE TAMMAN, Plaintiff-Appellee, v.
SAMI TAMMAN, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 07-1-1120)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Leonard and Ginoza, JJ.)


Defendant-Appellant Sami Tamman (Sami) appeals from the Order Regarding Motion for Reconsideration of Order Entered on July 8, 2010 or in the Alternative Motion for New Trial and/or Reopening of the Hearing (Motion for Reconsideration Order) filed September 7, 2010 in the Family Court of the First Circuit[1] (family court).  The family court in its Order Granting Custody, Visitation and Support (Custody, Visitation, and Support Order), entered on July 8, 2010, awarded sole legal and physical custody of four children to the children's mother, Plaintiff-Appellee Jacqueline Tamman (Jacqueline), and determined visitation, child

---

[1]  The Honorable Sabrina S. McKenna presided.

support, temporary alimony arrears, educational expenses, health and life insurance, and the family court's continuing jurisdiction.

In his opening brief,[2] Sami's points of error are from the Findings of Fact and Conclusions of Law (FOFs/COLs) filed subsequent on July 8, 2009 to the Custody, Visitation, and Support Order. These points of error extend beyond the boundaries of Sami's Notice of Appeal, which he limited to an appeal of the family court's denial, in substantive part, of his Motion for Reconsideration of Order Entered on July 8, 2010 or in the Alternative Motion for New Trial and/or Reopening of the Hearing (Motion for Reconsideration). Based on our analysis, we need not consider the points raised in Sami's appellate brief that go to alleged errors in the FOFs/COLs because these are not before us. What we will consider is whether the family court abused its discretion when it denied, in substantive part, Sami's Motion for Reconsideration.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Sami's points of error as follows:

(1) Our appellate review is limited to the family court's Motion for Reconsideration Order. HRAP Rule 3(c)(2) provides that "[t]he notice of appeal shall designate the judgment, order, or part thereof and the court or agency appealed

---

[2] Sami's opening brief does not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b) because Sami's counsel failed to include (1) in the statement of the case, "record references supporting each statement of fact or mention of court or agency proceedings," in violation of HRAP Rule 28(b)(3) (emphasis added), and (2) in the statement of points of error, where in the record the alleged error occurred and where the error was objected to, in violation of Rule 28(b)(4). Sami's counsel is warned that, pursuant to HRAP Rule 51, future non-compliance with HRAP 28(b)(3) and (4) may result in sanctions against him.

from." Sami appealed from the Motion for Reconsideration Order, but his points of error focus on the family court's previous Custody, Visitation, and Support Order, which he failed to designate in his notice of appeal. Our courts have looked beyond errors of designation made by the petitioner in his notice of appeal if the court finds that (1) the mistake in designating the judgment would result in loss of the appeal, (2) the intent to appeal from a particular judgment "can be fairly inferred from the notice," and (3) "the appellee is not misled by the mistake." Ek v. Boggs, 102 Hawai'i 289, 294, 75 P.3d 1180, 1185 (2003) (internal quotation marks and citation omitted). This court will not look beyond any error in Sami's designation because (a) Sami's appeal from the Motion for Reconsideration Order can be reviewed independent of any other orders, (b) Sami's intent to appeal from the Custody, Visitation, and Support Order cannot be fairly inferred, and (3) Sami's mistake misled Jacqueline to believe Sami was only appealing from the Motion for Reconsideration Order.

(2) The family court did not abuse its discretion when it denied, in substantial part, Sami's Motion for Reconsideration. A motion for reconsideration gives a party the opportunity to present new evidence or make new arguments that could not have been made in the earlier proceeding. Tagupa v. Tagupa, 108 Hawai'i 459, 465, 121 P.3d 924, 930 (App. 2005). Reconsideration is not an opportunity to re-litigate what has already been decided or to bring up arguments that a party could have and should have made during the earlier proceeding. Id. Sami failed to present any new evidence or make new arguments to support his contention that the family court should grant his Motion for Reconsideration.

Therefore,

IT IS HEREBY ORDERED that the Order Regarding Motion for Reconsideration of Order Entered on July 8, 2010 or in the Alternative Motion for New Trial and/or Reopening of the Hearing

3

filed on September 7, 2010 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 29, 2011.

On the briefs:

Scott T. Stack
(Present Counsel:
Samuel P. King, Jr.)
for Defendant-Appellant.

Robert M. Harris
Jonathan W. Ware (Freshfields
  Bruckhaus Deringer US LLP)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge